Town Bd. of Town of Clarence v Hallock (2003 NY Slip Op 23945)

Town Bd. of Town of Clarence v Hallock

2003 NY Slip Op 23945 [2 Misc 3d 826]

January 28, 2003

Supreme Court, Erie County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 5, 2004

[*1]
Town Board of Town of Clarence et al., Petitioners,
v
Kathleen E. Hallock, Individually and as Supervisor of the Town of Clarence, Respondent.
Supreme Court, Erie County, January 28, 2003

HEADNOTE

Municipal CorporationsTown BoardRules of ProcedureAppointment of One Person "Liaison/Committee"

Respondent Town Supervisor did not act improperly at a meeting of the town board in refusing to allow a vote on a motion by a board member to replace another board member as the designated "liaison" to the town planning board. Town Law § 63 gave respondent the power to make one person "liaison/committee" assignments without any review by the town board. Moreover, in the absence of the adoption of any formal procedures governing the conduct of board meetings, respondent acted within the board's established informal rules and procedures by ruling that the subject motion was out of order and refusing to allow a vote.

APPEARANCES OF COUNSEL

Magavern, Magavern & Grimm, LLP, Buffalo, for petitioner. Connors & Vilardo, LLP, Buffalo, for respondent.

{**2 Misc 3d at 826} OPINION OF THE COURT

Peter J. Notaro, J.
This CPLR article 78 proceeding is more by the way of a certified question on the governance of town governments. In this particular case the parties are all members of the Town Board of {**2 Misc 3d at 827}the Town of Clarence. The respondent, in addition, is the Town Supervisor of the Town of Clarence. The Town is governed by the provisions of the Town Law and, in particular, the provisions of Town Law § 63. It is clear that the Town Board has not adopted Robert's Rules of Order for the conduct of its meetings but instead follow an informal procedure based on the past practices of its predecessor boards.
At the annual reorganization meeting certain appointments were made including the appointments of "liaisons" to a variety of organizations and town departments. It is that designation which is the basis for the proceedings here. On July 24, 2002 at a duly called meeting of the Town Board, one of the petitioners made a motion seeking the ouster of and replacement of another Town Board member as a liaison to the Town Planning Board. The Supervisor ruled the motion out of order, and refused to allow a vote on the motion, contending that the town supervisor alone had the power to make assignments to board members as "liaisons" and that any motion to replace a liaison would be illegal.
Case law is at a minimum on the issues raised here. The only case of any significance was decided in 1906. The other significant citations are to Opinions of the New York State Comptroller and the Association of Towns, neither of which is binding on this court.
The petitioners' claim is founded on their interpretation of Town Law § 63. It says in pertinent part:
"Every act, motion or resolution shall require for its adoption the affirmative vote of a majority of all the members of the town board. The board may determine the rules of its procedure, and the supervisor may, from time to time, appoint one or more committees, consisting of members of the board, to aid and assist the board in the performance of its duties."
The petitioners contend that it means that "liaisons" are not committees and that the reference in that section to "members" implies that a committee must have more than one member to constitute a committee. The respondents rely on the past history of the appointments as made by previous town supervisors for at least the last 28 years. Clearly these appointments arose years ago as "committees" of one. The history of these appointments in the Town of Clarence as presented by the respondent is clear in that regard. It is also clear that the appointments were {**2 Misc 3d at 828}made by the supervisor without a vote by the town board. And it is further undisputed that the designation of "committee" continued until more recent times. The designation for several years was "liaison/committee" assignments. Regardless of the designation, they have consistently been handled as appointments to committees and were done by the town supervisor. Surely, as the petitioners point out, the assignments were done in a cooperative manner and in a consensus model, not a legislative model. That people cooperated to make the assignments does not in any way lessen the authority of the supervisor to make the appointments.
I therefore find that Town Law § 63 gives the town supervisor the power to make assignments to one person committees, also referred to as liaisons, without any review by the town board. Having said that, we still have open the issue of what the supervisor should have done when faced with a motion. Because the board has no formal procedures in place, outside of seeking the opinion of the town attorney at the time of the motion, to appeal a procedural issue or a ruling by the chair, as would be available under Robert's Rules, I believe that the supervisor acted within the established informal rules and procedure that the Town of Clarence Board has followed for years by ruling that the motion was out of order and refusing to allow a vote.
The application by the petitioners is denied and the petition is dismissed in its entirety.